IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 18-cv-292-CMA-GPG

JENNIFER TURNER,

    Plaintiff,

v.

EFINANCIAL, LLC,

    Defendant.

**ORDER GRANTING ALL WEBS'S MOTION TO INTERVENE (ECF #27)**

This matter comes before the Court on All Web's motion to intervene (ECF #27)[1], (which was referred to this Magistrate Judge (ECF #33))[2], Efinancial's notice of nonopposition (ECF #35), Plaintiff's response (ECF #44), and All Web's reply (ECF #50). The Court has reviewed each of the aforementioned documents and any attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.

---

[1] "(ECF #27)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] Any party may object to this non-dispositive Order within fourteen (14) days. Fed.R.Civ.P. 72(a).

Oral argument is not necessary to resolve this discrete issue. For the following reasons, I GRANT the motion.

Plaintiff Turner filed suit alleging a claim for violation of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 (complaint (ECF #1)). Plaintiff claims that between August 14, 2017 and November 2, 2017, she received five (5) text messages on her mobile phone from Efinancial with regard to a life insurance request (ECF #1, pp. 4-5). Plaintiff states that "[d]espite what the text messages suggest, Plaintiff did not request information on life insurance from Efinancial. Plaintiff explicitly denies she in any way sought information from Efinancial" (ECF #1, p. 5, para. 22). Plaintiff further states that she "had no relationship with Defendant and did not know why she received a message purporting to be from Defendant. Plaintiff had not provided her number to Defendant" (ECF #1, p. 5, para. 28). Additionally, Plaintiff states "Defendant did not make the requisite disclosures to Plaintiff regarding the use of an ATDS and did not obtain Plaintiff's prior express written consent to receive text messages for any purpose" (ECF #1, pa. 5, para. 29).

All Web Leads, Inc. is a corporation which "sells insurance leads to insurance providers" (motion to intervene (ECF #27, p. 2, para. 1). A consumer visits All Web's website, [www.insurancequaotes.com](www.insurancequaotes.com), provides contact information which includes a telephone number, agrees to the future contact from unnamed but solicited insurance companies, and agrees to arbitration (ECF #27, pp. 2-3, paras. 2-7). According to All Web, Plaintiff visited the aforementioned website, consented to contact, agreed to arbitration, and provided her contact information (ECF #27, p. 4, paras. 8-10). It is on this basis that All Web now seeks to intervene. Plaintiff opposes.

I.   Non-dispositive motion:

I determine that this is a non-dispositive order as I equate granting a motion to intervene to granting a motion to amend. The jurisdiction and powers of magistrate judges are governed by 28 U.S.C. § 636, and limited by the Constitution. U.S. Const. Art. III, § 1. 28 U.S.C. § 636(b) establishes that magistrate judges may hear and determine any pretrial matters pending before the court, save for eight excepted, dispositive motions. Magistrate judges may issue orders as to non-dispositive pretrial matters. District courts review such orders under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A).

While magistrate judges may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make *de novo* determinations as to those matters if a party objects to the magistrate's recommendations. *Id.* § 636(b)(1)(B) & (C). *3 The Tenth Circuit Court of Appeals has provided guidance for determining whether a motion is dispositive or non-dispositive. In *Ocelot Oil Corp. v. Sparrow Industries,* the Tenth Circuit determined that the magistrate judge's order that imposed Rule 37 sanctions aimed at striking plaintiff's pleadings was dispositive, rather than non-dispositive. 847 F.2d 1458, 1461–63 (10th Cir. 1988). The court reasoned that although discovery is a pretrial matter, and magistrate judges have general authority to order discovery sanctions, they may not do so if those sanctions fall within the eight dispositive motions excepted. *Id.* The court considered the *res judicata* effect of the magistrate's order, and concluded that the involuntary dismissal of plaintiff's pleadings with prejudice effectively dismissed plaintiff's action. Thus, the court concluded that the magistrate judge's order constituted the involuntary dismissal of plaintiff's action within section 636(b)(1)(A), and was beyond the power of the magistrate judge. *Id.*

Here, granting All Web's motion to intervene does not remove any claim or defense. Therefore, the motion to intervene is non-dispositive, and the court issues the following order in accordance with this finding. *See, e.g., id.; see also, Rhodes v. Ohse,* 1998 WL 809510, *1 (N.D.N.Y.1998) (noting that § 636(b)(1)(A) does not list motions to intervene as dispositive; therefore, a motion to intervene is non-dispositive); *U.S. v. W.R. Grace & Co.-Conn.,* 185 F.R.D. 184 (D.N.J., 1999) (noting that in the Third Circuit, a magistrate judge may hear and determine a motion to intervene, as a non-dispositive, pretrial motion, even without consent of parties); *U.S. v. Brooks,* 163 F.R.D. 601 (D.Or.,1995) (treating a motion to intervene as a non-dispositive pretrial ruling, reviewable under clearly erroneous or contrary to law standard); *Cuenca v. Univ. of Kansas*, 205 F. Supp.2d 1226, 1228 (D.Kan.2002) (ruling on a motion to amend is a non-dispositive decision, particularly when the Magistrate judge grants the motion). "Orders granting leave to amend are non-dispositive as they do not remove claims or defenses of a party." *Stetz v. Reeher Enterp., Inc.*, 70 F.Supp.2d 119, 120 (N.D.N.Y. 1999).

II. Legal standard for intervention-as of right:

Federal Rule of Civil Procedure 24 governs the intervention of non-parties. Under Rule 24(a)(2), non-parties may intervene in a pending lawsuit as of right if:

> (1) the application is timely; (2) the applicants claim an interest relating to the property or transaction which is the subject of the action; (3) the applicants' interest may as a practical matter be impaired or impeded; and (4) the applicants' interest is not adequately represented by existing parties.

*Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (brackets omitted).[4] "Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as of right." *Maynard v. Colo. Supreme Court Office of Attorney Regulation Counsel*,

No. 09–cv–02052–WYD–KMT, 2010 WL 2775569, at *3 (D. Colo. July 14, 2010) (quoting *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984)).

1. Timeliness:

"The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001). In assessing prejudice, courts look to the "prejudice caused by the intervenors' delay–not by the intervention itself." *Id.* at 1251.

All Web argues that its motion is timely in that the Complaint was filed 2/6/2018, that All Web filed its motion to intervene "shortly after it learned of the present action," and that the matter is in the early stages of litigation thus resulting in no prejudice (ECF #27, pp. 6-7). Plaintiff opposes, arguing that the motion to intervene (filed 6/29/2018) is untimely and that it will interrupt the course of proceedings which may have included early summary judgment and might force Plaintiff into arbitration (Plaintiff's response (ECF #44, pp. 6-7)). Plaintiff cites *NAACP v. New York*, 413 U.S. 345, 369 (1973) (a voting rights act case with "rapidly approaching primary elections . . .[where] the granting of a motion to intervene possessed the potential for seriously disrupting the State's electoral process . . .") for the proposition that intervention should have occurred more rapidly in this action.

I cannot say that "in light of all the circumstances," *see Clinton*, 255 at 1250, the motion should be denied for lack of timeliness. First, the possible involvement of All Web is not a bolt

5

from the blue for Plaintiff.  As Plaintiff acknowledges in the response, All Web demanded her participation in arbitration on May 25, 2018 (less than thirty days after the answer was filed (ECF #26 (4/30/2018))).  Second, while the parties sought and received an early dispositive motion deadline of 7/31/2018 for "disclosure/consent related motions" in the scheduling order (ECF #23, p. 8), no such motions have yet been filed (deadline continued to 9/30/2018(ECF #55)) and a regular summary judgment motion deadline was not set.  Finally, as to the argument that granting this motion may force Plaintiff into arbitration, that has nothing to do with timeliness but instead goes to the equities of the matter.  A motion to compel arbitration has been filed (ECF #45).  That motion will be determined based on the law, facts and circumstances contained within and not by a fiat denial due to a timeliness argument in an intervention motion.  For the foregoing reasons, I find the motion timely.

2 & 3.  Protected interest:

Under Rule 24(a)(2), a party seeking to intervene as of right must "claim[ ] an interest relating to the property or transaction that is the subject of the action." Although "the contours of the interest requirement have not been clearly defined," *Utah Ass'n of Counties*, 255 F.3d at 1251, courts in this circuit have typically considered whether the proposed intervenor's interest is "direct, substantial, and legally protectable." *Coalition of Ariz./N.M. Counties for Stable Economic Growth v. Dep't of Interior*, 100 F.3d 837, 840, 842 (10th Cir. 1996). This inquiry is highly fact-specific. *Western Energy Alliance*, 877 F.3d at 1165. "A protectable interest is one that would be impeded by the disposition of the action." *Id.* (internal quotation marks omitted).

While "[t]he threshold for finding the requisite legally protected interest is not high," *Am. Ass'n of People with Disabilities*, 257 F.R.D. at 246, "an intervenor must specify a particularized

6

interest" in the litigation and may not "raise interests or issues that fall outside of the issues raised" by the parties. *Id.* (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1212 (11th Cir. 1989); *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994)).

Rule 24(a)(2) also requires proposed intervenors "to demonstrate that the disposition of [the] action may as a practical matter impair or impede their ability to protect their interest." *Utah Ass'n of Counties*, 255 F.3d at 1253. This element "is not separate from the question of existence of an interest." *Id.* (quoting *Natural Res. Def. Council v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)). Thus, although the burden to establish this element is "minimal" and only requires a showing "that impairment of [a] substantial legal interest is possible," *id.*, intervenors who cannot demonstrate that they have a protectable interest in the litigation will not be able to satisfy the impairment of interest requirement. *See Am. Ass'n of People with Disabilities*, 257 F.R.D. at 254 (finding that, because a proposed intervenor failed to demonstrate a protectable interest, she also failed to establish that disposition of the action would impair or impede her ability to protect her interest).

All Web essentially asserts that its protected interest is its entire business model (ECF #27, p. 7). All Web contracts with various insurance companies to provide them with leads from interested consumers who have expressed an interest in the insurance product, have provided contact information, and have agreed to arbitration. On that basis, All Web-with consumer permission-passes the information on to the downstream insurance provider, in this case Efinancial. All Web is in the business of providing verified, safe, and agreed upon contact information. Efinancial is in the business of selling the insurance. The two are separate legal entities with potentially divergent interests.

To state that allowing Plaintiff to bring suit against Efinancial without allowing All Web to intervene could destroy All Web's business and business model is not overly dramatic. It is highly logical to derive that should a company like Efinancial find out it is subject to suit, without the protections and arbitration agreement it thought All Web was providing, Efinancial would likely determine to leave All Web in the dust and find some other way of obtaining customer leads.

Plaintiff argues that it has not alleged any wrongdoing by All Web (ECF #44, p. 7). This is nonsensical. Plaintiff has alleged a wrong doing and argues in her complaint that she has no idea why she received this contact, never asked for it, and it is a TCPA violation. While Plaintiff should and will be afforded a full and fair opportunity to press her suit, Defendant(s) deserve no less an opportunity themselves. If the facts are as All Web asserts-something to be decided another day-this assertion is fundamentally unfair to both Efinancial and All Web. The facts are the facts. Allowing suit of one entity because the perceived facts better benefit Plaintiff without allowing the intervention of the real party at interest is exactly the type of machination Rule 24 is designed to stop. The repose the law seeks cannot be based on a partial and inadequate determination of the circumstances as it would, were the motion to intervene denied.

Plaintiff's final argument on this front is that the attempted intervention is not because All Web wants to protect its own interests but instead because it wants to aid Efinancial (ECF #44, p. 7). This argument misses the point in that the two are inextricably intertwined. Of course Efinancial has an interest in avoiding a finding that it violated the TCPA and the concomitant financial penalty. This is particularly true and even more important if Plaintiff is able to prove up the class it asserts exists. *See* complaint, ECF #1, pp. 7-10. But, as stated above, All Web has an interest as well, an interest that is intertwined and divergent. Should

Efinancial stand alone as Defendant and should it lose, as stated above, it may find a different business model which does not include All Web. Or perhaps Efinancial may go back against All Web for some breach of contract or under an assumption/subrogation theory.

All Web has a direct interest in this action and a legally protectable interest that it must be afforded an opportunity to protect by allowing intervention.

    4.    Adequacy of representation:

Under Rule 24(a)(2), intervenors must also demonstrate that they are not adequately represented in the litigation. The burden of showing inadequate representation is "minimal." *Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1168 (10th Cir. 2017) (bracket omitted). Accordingly, "the possibility of divergence of interest need not be great in order" for the intervenors to satisfy this element. *Id.*

As stated above, Efinancial and All Web are separate and distinct legal entities with different and divergent interests. They have no obligation to protect one another. All Web wants to protect its ability to conduct this sort of business, e.g., to get and provide verified leads to downstream insurance providers, and to have an arbitration agreement. This is a different interest from Efinancial's alleged TCPA violation, which is all it wants to protect itself from. While the two are certainly intertwined, All Web should be allowed to protect its contact-which includes multiple other downstream insurance companies-and need not rely on Efinancial to do so. The minimal burden has been met to show that Efinancial cannot adequately represent All Web in this action.

III.     Permissive intervention:

Based on the Court's determination that All Web must be allowed to intervene as of right, the Court determines that there is no need to address permissive intervention at this time.

Dated at Grand Junction, Colorado, this September 5, 2018.

Gordon P. Gallagher

United States Magistrate Judge